**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

Children's Legal Center,

        Plaintiff,

   v.

U.S. Dept. of Justice and Executive Office of
Immigration Review,

        Defendants.

Case No. 26-cv-8901

**COMPLAINT FOR
DECLARATORY
AND OTHER RELIEF**

**<u>INTRODUCTION</u>**

1.      Plaintiff, Children's Legal Center, brings this action under the Freedom of

Information Act (FOIA), 5 U.S.C. § 552 *et seq.*, to compel Defendants, U.S. Department of

Justice (DOJ) and Executive Office of Immigration Review (EOIR), to immediately release the

records relating to Defendants' new policies regarding the administrative handling of cases for

Unaccompanied Minor Children (UACs) and individuals with, or who are applying for, Special

Immigrant Juvenile Status (SIJS). *See* Exhibit A (FOIA Request). On April 27, 2026, Defendants

responded to Plaintiff's request with a web address link that contained documents nonresponsive

to Plaintiff's request. *See* Exhibit C (FOIA Response). On May 1, 2026, Plaintiff

administratively appealed Defendants' response. *See* Exhibit D (FOIA Appeal). The deadline for

Defendants to respond to the administrative appeal was June 1, 2026. Defendants have failed to

conduct an adequate search for records and failed to produce any responsive records to the FOIA

Request.

2.      Accordingly, Plaintiff is entitled to a judgment declaring that Defendants have

violated FOIA and ordering Defendants to conduct a reasonable and adequate search for records

responsive to the FOIA Request and to provide such records to Plaintiff.

## JURISDICTION AND VENUE

3.     This Court has subject-matter jurisdiction under 5 U.S.C. § 552 *et seq.* (FOIA) and 28 U.S.C. § 1331 (federal question). This Court has jurisdiction to grant declaratory, injunctive, and further necessary or proper relief pursuant to 28 U.S.C. §§ 2201–2202 (Declaratory Judgment Act).

4.     Venue is proper in this District under 5 U.S.C. § 552(a)(4)(B) because Plaintiff is a non-profit organization incorporated in the State of Illinois and located in Chicago, Illinois.

5.     Defendants acknowledged receipt of the FOIA Request by sending an acknowledgment letter on April 23, 2026. *See* Exhibit B (FOIA Request Receipt Notice).

6.     Plaintiff exhausted its administrative remedies by filing an administrative appeal on May 1, 2026 to which Defendant has failed to timely respond. *See* Exhibit D (Administrative Appeal).

## PARTIES

7.     Plaintiff, Children's Legal Center, is a non-profit organization located in Chicago, Illinois.  Children's Legal Center operates to fulfill the mission of providing free immigration legal services to children and families with children who have experienced trauma. Children's Legal Center represents UACs in the custody of the Office of Refugee Resettlement (ORR) and UACs released from ORR to sponsors in Illinois and Indiana. Plaintiff also represents children, including children without the UAC designation, who are eligible for Special Immigrant Juvenile Status by virtue of having been abused, abandoned or neglected by a parent. See 8 U.S.C. §1101(a)(27)(J). Plaintiff's representation of UACs and children applying for SIJS includes but is not limited to representation in removal proceedings before the Executive Office of Immigration Review. Plaintiff has represented 913 children in ORR facilities assigned to

Children's Legal Center and 541 children who had been in an ORR facility not assigned to Children's Legal Center but have been released from ORR custody to Illinois or Indiana. Children's Legal Center represents 787 children, whether UACs or not, who have or are applying for SIJS.

8. Defendant Executive Office of Immigration Review is a component agency of the Department of Justice and, among other duties, is the federal agency responsible for adjudicating removal proceedings. EOIR is an "agency" within the meaning of 5 U.S.C. § 552(f) and has control over the records Plaintiff seeks.

9. Defendant Department of Justice is an agency that, among other duties, issues policies, statements, directives, memoranda and other instructions to the Executive Office of Immigration Review (EOIR). The Department of Justice is an "agency" within the meaning of 5 U.S.C. § 552(f) and has control over the records that Plaintiff seeks.

## FACTUAL ALLEGATIONS

### Background

10. Congress established Special Immigrant Juvenile ("SIJ") Status in 1990 as part of the Immigration and Nationality Act ("INA") to provide immigration relief to undocumented children living in the United States who have been abused, abandoned, or neglected. 8 U.S.C. § 1101(a)(27)(J). Congress also established a clear path to permanent residency for SIJs, authorizing them to adjust status immediately upon being granted SIJ status, assuming a visa was available. 8 U.S.C. § 1255(a), (h). Congress granted USCIS exclusive authority to review and approve SIJS petitions. *Id.,* 8 C.F.R. §204.11(h).

11. Children in the custody of ORR are largely eligible for SIJS. A child is designated a UAC when the child (1) has no lawful status in the U.S., (2) has not attained the age of 18

3

years old; and, (3) there is no parent or legal guardian in the U.S. or no parent or legal guardian in the U.S. is available to provide care and physical custody. 6 U.S.C. § 279(g)(2). Thus, many children who are UACs have been abused, abandoned, or neglected, which has resulted with the children being placed in ORR custody.

12.     On November 14, 2025, and March 11, 2026, the Board of Immigration Appeals (BIA) issued two landmark decisions affecting individuals with or applying for SIJS that effectively eliminated alternative outcomes in removal proceedings other than orders of removal. On November 14, 2025, the BIA issued *Matter of Cahuec Tzalam* that held that administrative closure of removal proceedings is generally not an available remedy for individuals with SIJS if they are still waiting for their priority date to become current to adjust status to lawful permanent residency. 29 I&N Dec. 300, 304 (BIA 2025). On March 11, 2026, the BIA issued *Matter of Pinzon Rozo,* which held that an immigration judge cannot grant a continuance in removal proceedings for those with approved SIJS where the priority date will not be current for an uncertain and lengthy period of time, purportedly making their relief only speculative. 29 I&N Dec. 507 (BIA 2026). On March 18, 2026, the BIA issued *Matter of Z-R-C-N-*, that held that a Respondent's adjustment of status based on approved SIJS is speculative where the priority date is not yet current and therefore reopening of proceedings was not warranted. 29 I&N Dec. 523 (BIA 2026).

13.     Upon information and belief, after these BIA decisions, Defendants issued internal directives to immigration judges that has resulted in a drastic change in Plaintiff's representation of UACs and those with or applying for SIJS. Before these decisions, the immigration court regularly granted administrative closure and/or termination for those with approved SIJS. After these two BIA decisions, all of Plaintiff's termination and administrative

closure requests for those with SIJS approvals have been denied by the immigration court. Several immigration judges have stated to counsel at Children's Legal Center that approved SIJS is not a basis to stop the individual's removal from the United States. Immigration judges throughout the United States have begun ordering individuals with SIJS removed if their priority date is not current.[1]

14.     Prior to these BIA decisions, all UAC cases in the Chicago immigration court, regardless of the individuals' current age, were placed on a single juvenile docket and heard by a single judge assigned to that docket. After these BIA decisions, upon information and belief, Respondents directed immigration courts to separate cases for UACs who were over the age of 18 and move them to a different docket. Plaintiff's UAC cases, where the represented individual is now over the age of 18, were moved from the juvenile docket and reassigned to a different judge on an "adult docket".

15.     After these BIA decisions, the immigration courts advanced court hearings for UACs in ORR custody and UACs released from ORR custody.[2]

16.     Upon information, belief, and based on statements made by immigration judges, after March 2026, Respondents prohibited immigration judges from granting continuances for UACs in ORR custody of more than 21 days.

17.     Upon information and belief, Respondents directed immigration judges not to use their discretionary authority under 8 C.F.R. § 1003.18(d)(1)(ii)(B) to administratively close or terminate removal cases for individuals with approved SIJS if their priority date is not yet current.

---

[1] *See* https://www.nbcnews.com/news/us-news/immigrant-youth-eligible-green-card-detained-deported-rcna262515;
[2] *See* https://www.cnn.com/2026/04/28/politics/migrant-children-deportations-trump

**Plaintiff's FOIA Request to Defendants**

18.     On April 23, 2026, Plaintiff submitted a FOIA Request to Defendants through EOIR's online web portal. The Request sought all records that relate to (1) the administration, docketing, calendaring, coding or adjudication of removal proceedings involving respondents who have applied for, or been granted Special Immigrant Juvenile Status (SIJS). This request specifically includes, but is not limited to, any records concerning the granting or denial of continuances, administrative closure, or termination of removal proceedings involving respondents who have applied for, or been granted SIJS as well as the grouping of cases or advancement of cases; and 2) The administration, docketing, calendaring, coding or adjudication of removal proceedings involving respondents who were designated "Unaccompanied Alien Children" ("UACs") by the U.S. Department of Homeland Security. This request specifically includes, but is not limited to, any records concerning the reassignment, advancement or scheduling of hearings, coding of cases, and distinction of cases based on age of the respondent.

19.     Defendant acknowledged receipt of the FOIA Request by sending an acknowledgment letter on April 23, 2026. *See* Exhibit B (FOIA Request Receipt Notice).

20.     On April 27, 2026, Defendants responded to Plaintiff's request, directing Plaintiffs to unspecified documents on the EOIR's online FOIA Library. *See* Exhibit C (FOIA Response). None of those documents were responsive to Plaintiff's request. Additionally, a conclusory assertion that records are publicly available, without reasonable specificity or guidance, does not satisfy the agency's obligation under FOIA under 8 CFR § 5.4.

21.     Upon information and belief, Defendant did not conduct an adequate search for records.

22.     Plaintiff filed an administrative appeal on May 1, 2026 with the Office of

Information Policy of the U.S. Department of Justice (OIP), challenging Respondents' failure to conduct an adequate search and to produce all responsive documents. *See* Exhibit D (Administrative Appeal). The OIP acknowledged receipt of the appeal on May 3, 2026. *See* Exhibit E.

23.     On June 3, 2026, the OIP stated that it would "take at least another 3 months to complete [the] appeal" citing only the lapse in funding from October 1, 2025 until November 12, 2025. *See* Exhibit F (Appeal Extension).

24.     The United States Department of Justice reports that in 2025 the average processing time for record from EOIR was 19 working days for simple requests and 13 working days for complex requests.[3]

25.     The OIP has not produced any documents responsive to Plaintiffs' FOIA request to EOIR.

**CLAIMS FOR RELIEF**

**COUNT ONE**
**Violation of FOIA, 5 U.S.C. § 552(a)(3)**
**Failure to Conduct an Adequate Search and to Disclose Responsive Records**

26.     All of the foregoing allegations are repeated and realleged as though fully set forth herein.

27.     Defendants are obligated under 5 U.S.C. § 552(a)(3)(A) to conduct a reasonable search for records responsive to the FOIA Request and to promptly produce those records.

28.     Upon information and belief, Defendants have not conducted and/or completed an adequate search for responsive records to Plaintiff's FOIA request.

29.     Plaintiff has a legal right to obtain such records, and no legal basis exists for

---

[3] https://www.foia.gov/agency-search.html?id=bd36709d-06f3-4503-a9d9-8e5f54002ca9&type=component

Defendants' failure to search for them.

30. Defendants' failure to conduct a reasonable search for records responsive to the FOIA Request violates, at a minimum, 5 U.S.C. § 552(a)(3)(C), as well as the regulations promulgated thereunder.

## COUNT TWO
### Violation of FOIA, 5 U.S.C. § 552(a)(8)(A)(i), (b)
### Improper Withholding of Records

31. All of the foregoing allegations are repeated and realleged as though fully set forth herein.

32. Defendants are obligated to release records requested under FOIA unless "the agency reasonably foresees that disclosure would harm an interest protected by an exemption described in [5 U.S.C. § 552(b)]" or "disclosure is prohibited by law." 5 U.S.C. § 552(a)(8)(A)(i). If an agency determines that it will not comply with a request for a record, it must provide a lawful reason for withholding any responsive records. *See, e.g.*, 5 U.S.C. § 552(a)(6)(A)(i)(I).

33. Defendants have not produced any documents responsive to Plaintiff's FOIA request.

34. Plaintiff has a legal right to obtain such records, and no legal basis exists for Defendants' withholding of the records in whole or in part.

35. Defendants' failure to release all non-exempt records responsive to the FOIA Request violates, at a minimum, 5 U.S.C. § 552(a)(8)(A)(i) and (b), as well as the regulations promulgated thereunder.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A.     Assume jurisdiction over this action;

B.     Declare unlawful Defendants' failure to conduct an adequate search for the requested records, and failure to disclose the records requested by Plaintiff;

C.     Order Defendants to make a full, adequate, and expeditious search for the requested records;

D.     Order Defendant to expeditiously process and disclose all responsive, nonexempt records or portions of records and to produce indexes justifying the withholding of any responsive records withheld under a claim of exemption;

E.     Enjoin Defendant from improperly withholding requested records;

f.     Award Plaintiff reasonable attorneys' fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E), the Equal Access to Justice Act, and any other applicable provision of law; and

g.     Grant such other relief as the Court may deem just, equitable, and appropriate.

Respectfully submitted,

*/s/* Laura J Smith
Laura J Smith
Children's Legal Center
1100 W Cermak Rd., Suite 422
Chicago, Illinois 60608
Laura@ChildrensLegalCenterChicago.org
*Attorney for Plaintiff*

Dated: July 27, 2026